IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SAMMY LEE PENDLETON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>LINDA SANDERS,[1] Warden, )<br>UNITED STATES MEDICAL CENTER )<br>FOR FEDERAL PRISONERS, )<br>)<br>Respondent . ) | Civil Action<br>No. 12-3166-CV-S-RED-H |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, has petitioned this Court for a writ of habeas corpus in which he challenges conditions of his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation and has otherwise failed to exhaust administrative remedies, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner appears to assert that he is being illegally detained pursuant to 18 U.S.C. § 4246 because his due process rights were violated during the commitment proceedings. He also alleges that he was assaulted by staff at the Medical Center.

After a Show Cause Order, a response was filed in which respondent stated that petitioner has failed to exhaust administrative remedies. Counsel for petitioner thereafter filed a motion to withdraw. Petitioner was then afforded the opportunity to file a pro se traverse, which he did not

---

[1]Linda Sanders, the current warden at the Medical Center, is the proper respondent.

do.

A full review of the record indicates that petitioner was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 on September 4, 2009, by the United States District Court for the Western District of Missouri. That commitment was affirmed by the Eighth Circuit on September 17, 2009. The United States has submitted annual reports, as required by statute. It should be noted that petitioner has exhausted administrative remedies on this issue. According to the record, petitioner is still lawfully committed pursuant to § 4246. During the commitment proceedings, petitioner was afforded all the due process rights to which he was entitled, and the record established the basis for the § 4246 commitment. According to the most recent examination by mental health professionals, petitioner was not appropriate for conditional release. It is clear that petitioner's constitutional rights have not been violated regarding his mental health commitment.

Regarding the alleged assault by staff at the Medical Center, a review of the record indicates that petitioner has failed to fully exhaust administrative remedies on this issue. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974); Franklin v. Castillo, 10-03188-CV-ODS (W.D. MO, Apr. 11, 2012), aff'd, 12-1923 (8th Cir. Sept. 12, 2012).

After careful review, the Court finds that petitioner has failed to state a constitutional violation regarding his mental health commitment. Further, he has failed to exhaust available administrative remedies regarding the alleged assault. Therefore, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

    /s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate Judge

Date: 10/23/12